1  Robert B. Jobe (Cal. State Bar #133089)
   LAW OFFICE OF ROBERT B. JOBE
2  550 Kearny Street, Ste. 200
   San Francisco, CA 94108
3  Tel: (415) 956-5513
   Fax: (415) 840-0308
4  Email: bob@jobelaw.com

5  Attorney for Plaintiff.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YADAWENDRA SHRESTHA, | ) | No. |
| Plaintiff, | ) | |
| v. | ) | CV 08 1509 EMC |
| EMILIA BARDINI, DIRECTOR, SAN SAN FRANCISCO ASYLUM OFFICE; EMILIO T. GONZALEZ, DIRECTOR, USCIS; MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL, | ) ) ) ) ) ) ) | COMPLAINT FOR A WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF |
| Defendants. | ) | USCIS Alien Number: 96-135-048 |

### COMPLAINT FOR A WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF

By and through her undersigned attorney, Plaintiff, YADAWENDRA SHRESTHA ("Mr. Shrestha"), as and for his complaint, alleges as follows:

### PRELIMINARY STATEMENT

1. Mr. Shrestha is a native and citizen of Nepal who filed an application for asylum with the U.S. Citizenship and Immigration Services on or about September 26, 2002. On October 28, 2002, Mr. Shrestha was interviewed on the merits of that application by the San Francisco Asylum Office. Although more than 5 years have elapsed since that interview, Mr. Shrestha's application for asylum remains pending. As a result, Mr. Shrestha remains separated from his wife and son, who remain in Nepal. This action seeks to compel the adjudication of the

Complaint for a Writ of Mandamus

application for asylum filed by Mr. Shrestha.

## JURISDICTION

2. Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiff; 5 U.S.C. § 702, as a challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

## INTRA DISTRICT ASSIGNMENT

3. Because a substantial portion of the events that gave rise to this lawsuit occurred in the County of San Francisco, this case should be assigned to the Court's San Francisco division.

## VENUE

4. Venue is properly in this district, where Mr. Shrestha resides, where a substantial part of the events or omissions giving rise to the claim occurred, and where the witnesses pertinent to this action are most likely to be found. 28 U.S.C. § 1391(e); 8 U.S.C. § 1447(b) (venue proper in the "district court for the district in which the applicant resides").

## PLAINTIFF

5. Mr. Shrestha is a native and citizen of Nepal who currently resides at 2200 Rivers Street, #36, San Pablo, CA 94806. Mr. Shrestha filed an application for asylum on or about September 26, 2002. Although almost five-and-a-half years have passed since his asylum interview, the San Francisco Asylum Office has failed to issue a decision on his application.

## DEFENDANTS

6. Emilia Bardini is the Director of the San Francisco Asylum Office and is sued herein in her official capacity. In this capacity, she is directly responsible for processing asylum

Complaint for a Writ of Mandamus                2

application filed within the jurisdiction of the San Francisco Asylum Office.

7. The United States Citizenship and Immigration Services (USCIS) is the federal agency within the Department of Homeland Security that is responsible for the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of non-citizens.

8. Emilio T. Gonzalez is the Director of the USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the INA and all other laws relating to the immigration and naturalization of non-citizens. Defendant Gonzalez is sued herein in his official capacity.

9. Michael B. Mukasey, Attorney General of the United States, is sued herein in his official capacity. In that capacity, the Attorney General represents the United States in legal matters generally and gives advice and opinions to the heads of the executive departments of the Government when so requested. He also has responsibility for providing access to criminal history record information pursuant to INA § 104(g), 8 U.S.C. § 1103(g), and INA § 105(b), 8 U.S.C. § 1105(b).

10. Michael Chertoff, the Secretary of the Department of Homeland Security, is sued herein in his official capacity. As the head of the executive Department which houses the USCIS agency, Secretary Chertoff is "charged with the administration and enforcement of [the INA] and all other laws relating to the immigration and naturalization of aliens, except insofar as [the INA] or such laws relate to the powers, functions, and duties conferred upon the President, the Secretary of State, the officers of the Department of State, or diplomatic or consular officers." INA § 103(a)(1), 8 U.S.C. § 1103(a)(1).

11. Robert S. Mueller is the director of the Federal Bureau of Investigation (FBI) and is sued herein in his official capacity. Defendant Mueller is charged with conducting background checks, including the National Name Check Program, in response to requests submitted by federal agencies, including the USCIS.

## FACTS

12. In enacting the Refugee Act of 1980, Congress expressed its commitment to the "historic policy of the United States to respond to the urgent needs of persons subject to persecution in their homelands." *Refugee Act of 1980*, Pub. L. No. 96-212, 94 Stat. 102 (1980). The Immigration and Nationality Act provides that the "Secretary of Homeland Security or the Attorney General may grant asylum to an alien who has applied for asylum in accordance with the requirements and procedures established by the Secretary of Homeland Security or the Attorney General . . . if the Secretary of Homeland Security or the Attorney General determines that such alien is a refugee within the meaning of section 101(a)(42)(a)[8 U.S.C. § 1101(a)(42)]." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). "[I]n the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." INA § 208(d)(5)(A)(iii), 8 U.S.C. § 1158(d)(5)(A)(iii).

13. A priority of the *Refugee Act* was the preservation and protection of the families of people granted asylum in this country. The INA provides that a spouse or child of an asylee "may . . . be granted the same status as the alien if accompanying, or following to join, such alien." INA § 208(b)(3), 8 U.S.C. § 1158(b)(3); *see generally* 8 C.F.R. § 1208.21. In addition, "[i]n the case of an alien granted asylum," the Attorney General "may allow the alien to travel

Complaint for a Writ of Mandamus    4

abroad with the prior consent of the Attorney General." INA § 208(c)(1)(C), 8 U.S.C. § 1158(c)(1)(C).

14. This lawsuit arises out of Defendants' illegal delay of almost five-and-a-half years in the adjudication of Mr. Shrestha's application for asylum.

15. Mr. Shrestha was born on November 30, 1968 in Ramgram, Nepal. He married his wife, Sujita Shrestha, on May 6, 1997, and they have one son, Yash, age 9. Mr. Shrestha, a victim of terrorist violence and extortion by the Maoists, was falsely accused by the Nepali police of sympathizing with the Maoists and was illegally detained, interrogated, and tortured. After his life was threatened by both the Maoists and the Nepali police, Mr. Shrestha fled Nepal for the United States in fear of his life on June 17, 2002 and entered the United States on June 18, 2002 on a B-2 visitor's visa.

16. On September 26, 2002, Mr. Shrestha filed an application for asylum with the U.S. Citizenship and Immigration Services based on the past persecution he suffered at the hands of the Maoists, and his fear of future persecution. On or about October 28, 2002, Mr. Shrestha was interviewed by a San Francisco Asylum Officer in regards to his application for asylum. The Asylum Officer gave Mr. Shrestha a letter indicating that he would receive a decision on his application by mail. Since that time, Mr. Shrestha's asylum application remains pending at the San Francisco Asylum Office.

17. Although almost five-and-a-half years have lapsed since Mr. Shrestha filed his application for asylum, and since he was interviewed on the merits of that application, Defendants have failed to adjudicate his application for asylum even though counsel has made numerous attempts to obtain adjudication of his application. As a result, Mr. Shrestha's legal

status in the U.S. remains uncertain, and he remains separated from his wife and son, who continue to reside in Nepal.

18. Defendants' willful delay in adjudicating Mr. Shrestha's application for asylum clearly contravenes the Asylum Office's duty to adjudicate these applications within a reasonable period of time. As a result of this delay, Mr. Shrestha remains unable to travel to another country to visit his wife and son or to petition to confer derivative asylee status on his family members.

19. This civil action seeks a writ of mandamus ordering Defendants to immediately adjudicate the application for asylum filed by Mr. Shrestha.

20. Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' refusal to comply with their regulatory obligations within a reasonable period of time.

21. Defendants' illegal action has kept Plaintiff separated from his wife and son without the ability to be reunited. Because he does not have a final adjudication of his asylum application, Mr. Shrestha is unable to apply for a refugee travel document. At the same time, because he does not have a final approval of his asylum application, he cannot petition to confer derivative asylee status on his wife and son.

22. Plaintiff has suffered, and will continue to suffer, irreparable injury for which he has no adequate remedy at law. If the relief prayed for is not granted, Plaintiff will suffer continued separation and extreme individual hardship.

### FIRST CAUSE OF ACTION
(Mandamus)

23. Plaintiff repeats, alleges, and incorporates paragraphs 1 through 22 above as

Complaint for a Writ of Mandamus                    6

though fully set forth herein.

24. Defendants have the nondiscretionary duty to adjudicate the application for asylum filed by Mr. Shrestha. By failing to do so, Defendants are, quite simply, failing to comply with their statutory and regulatory duties. Plaintiff is entitled, therefore, to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to adjudicate his application for asylum.

## SECOND CAUSE OF ACTION
### (Violation of the Administrative Procedure Act)

25. Plaintiff repeats, alleges, and incorporates paragraphs 1 through 24 above as though fully set forth herein.

26. Plaintiff is a person aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* By failing to adjudicate Mr. Shrestha's application for asylum, Defendants have acted arbitrarily and capriciously and have "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court:

(1) Accept jurisdiction over this action;

(2) Declare Defendants' failure to adjudicate Mr. Shrestha's application for asylum to be a violation of 8 U.S.C. § 1158, the Administrative Procedure Act, and 28 U.S.C. § 1361;

(3) Order the USCIS San Francisco Asylum Office to immediately adjudicate Mr. Shrestha's application for asylum and issue him proof of that adjudication;

(4) Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. §

Complaint for a Writ of Mandamus                    7

1920, Fed. R. Civ. P. 54(d), and other authority; and

(5) Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED: March 14, 2008

Respectfully submitted,

Robert B. Jobe, Esq.
LAW OFFICE OF ROBERT JOBE
550 Kearny St., Ste. 200
San Francisco, CA 94108
(415) 956-5513

Attorney for Plaintiff

Complaint for a Writ of Mandamus